**UNITED STATES of America,**
**Appellee,**

v.

**Frederick V. DONA, Jr., Defendant–**
**Appellant.**

**Docket No. 02–1062.**

United States Court of Appeals,
Second Circuit.

Nov. 1, 2002.

Lisa A. Peebles, Assistant Federal Defender (Alexander Bunin, Federal Public Defender for the Northern District of New York and Vermont, Melissa A. Tuohey, Assistant Federal Defender, on the brief) Syracuse, NY, for Defendant–Appellant.

Elizabeth S. Riker, Assistant United States Attorney for the Northern District of New York (Joseph A. Pavone, United States Attorney, Andrew T. Baxter, Assistant United States Attorney, on the brief), Syracuse, NY, for Appellee.

Present THOMAS J. MESKILL, JON O. NEWMAN and ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

Frederick V. Dona appeals from the January 17, 2002, judgment of the United States District Court for the Northern District of New York (Howard G. Munson, Judge) sentencing him principally to 36 months imprisonment following his conviction after a jury trial on two counts of mail fraud. According to the government, Dona between August 1998 and April 2000 embezzled $125,000 from accounts that victim Lois Thomas held at Mutual Life Insurance Company of New York ("MONY"). Dona formerly had worked at MONY but lost his insurance license in 1995 after he was convicted of making false statements in violation of 18 U.S.C. § 1027. At the time of the offense, Dona was working out of his home at Northeastern Professional Consultants, a marketing firm he founded.

Dona had long known the victim and her deceased husband through Dona's father and had advised them in financial matters since about 1985. After Thomas' husband died, Dona advised her to open two accounts at MONY worth $700,000. Even though Dona no longer worked at MONY, he received a $16,500 kickback from MONY employee Scott Brennan, who opened Thomas' accounts and received a $22,000 commission.

Dona committed the fraud by meeting with Thomas and convincing her to sign blank withdrawal forms for the MONY accounts. Sometimes Dona sent Thomas blank forms in the mail. Thomas testified at trial that she usually did not read the forms and did what Dona said because she trusted him. Dona made four large withdrawals without Thomas' knowledge. When Thomas noticed the withdrawals on account statements, she turned to Dona for an explanation and accepted his assurances that the account activity was proper. Dona's scheme was discovered when Thomas' tax accountant noticed her dramatic decrease in income, asked to see the MONY account statements, and alerted an attorney who in turn called the Federal Bureau of Investigation. A grand jury indicted Dona on September 27, 2000, and a jury trial took place in July 2001. The district court sentenced Dona on January 9, 2002, to 36 months imprisonment, three years supervised release, $60,000 restitution to Thomas, $136,101.26 restitution to MONY, and a $200 special assessment. Dona now appeals his sentence.

Dona contends that the district court erred as a matter of law and fact when it enhanced his offense level calculation by two levels for abuse of a position of trust pursuant to U.S.S.G. § 3B1.3. We review *de novo* whether a position is one of trust within the meaning of the sentencing guidelines and view the question from the perspective of the victim. *United States v.*

*Wright,* 160 F.3d 905, 910 (2d Cir.1998). The sentencing enhancement applies if the position of trust significantly helped defendant to commit or conceal his crime. *United States v. Barrett,* 178 F.3d 643, 645–46 (2d Cir.1999). Section 3B1.3 applies to a defendant holding a position with professional discretion subjecting him to less supervision where he "misused discretionary authority that the victim entrusted to him." *Id.* "[A] defendant who is a fiduciary or one who is responsible for the well-being of a victim of his crime, and as such is given discretion over spending and is thereby afforded an opportunity, not generally available, to embezzle moneys" occupies a position of trust. *Wright,* 160 F.3d at 910–11. The enhancement is not limited to legal fiduciaries but also applies where "the position provides the freedom to commit a difficult-to-detect wrong." *Barrett,* 178 F.3d at 646 (quotation marks and citation omitted).

According to defendant, the enhancement was improper because his relationship with Thomas was based on friendship and not the fiduciary obligation inherent in a position of trust, his position did not provide him with the freedom to conceal his crime, and he did not hold himself out as a licensed insurance agent to the victim. None of defendant's arguments has merit. Dona clearly occupied a position of trust with Thomas because he acted as her financial adviser and she gave him complete discretion over her investments solely as a result of his position. It is irrelevant whether Dona met the legal definition of a fiduciary, but the victim's statements made clear that she believed he advised her for her benefit and that he was a legitimate agent. Dona's position of trust with Thomas permitted him to commit the crime because Thomas signed blank withdrawal forms that Dona provided. Dona's position thereby afforded him "an opportunity, not generally available, to embezzle moneys." *Wright,* 160 F.3d at 911. Even

when Thomas questioned withdrawals on her account statement, she deferred to Dona's explanation, demonstrating how his position facilitated concealment of the crime. In addition, there was evidence that Dona took some of the MONY account statements from Thomas' home to conceal his offense. Finally, as the district court noted at sentencing, it is immaterial whether Dona intentionally misled Thomas into believing he was still a licensed insurance agent because his position of trust did not depend on that fact. Application of the sentencing enhancement was warranted.

We have considered all of defendant-appellant's remaining arguments and find them to be without merit.